UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CAROLYN KNOX, ) | |
| On behalf of her minor grandson, J.D., ) | |
| ) | |
| Plaintiff, ) | Case No. |
| ) | |
| v. ) | |
| ) | |
| ST. LOUIS CITY SCHOOL DISTRICT, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT FOR ATTORNEY'S FEES AND EXPENSES

COMES NOW the Plaintiff, Carolyn Knox, on behalf of her grandson J.D., by and through the undersigned counsel, and for her complaint for attorney's fees and expenses, states as follows:

### INTRODUCTION

1. This action is brought pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §1400 et seq., for attorney's fees, costs, and expenses incurred by the plaintiff, Carolyn Knox (hereinafter "Plaintiff"), on behalf of her grandson, J.D. (hereinafter "Student"), when she requested a due process hearing and ultimately prevailed against the Defendant St. Louis City School District ("Defendant").

2. Plaintiff is a prevailing party in an administrative proceeding against the Defendant District and therefore is entitled to reasonable attorney's fees pursuant to 20 U.S.C. § 1415(i)(3)(B).

### JURISDICTION

1

3. The IDEA confers jurisdiction upon the district courts to award attorney's fees to prevailing parties in actions or proceedings under the IDEA pursuant to 20 U.S.C. § 1415(i)(3)(A), (B). Venue is properly located in this judicial district because all parties reside therein.

## PARTIES

4. Plaintiff and Student are residents of the City of St. Louis, Missouri. At all times relevant to this action, Student was enrolled and attending school in the District.

5. The Defendant St. Louis City School District is the local governmental entity responsible for the delivery of educational services to student and is the local educational agency as defined by 20 U.S.C. § 1401(19).

## STATEMENT OF FACTS

6. On or about February 24, 2017, Plaintiff filed a due process complaint against the Defendant District with the Missouri Department of Elementary and Secondary Education ("DESE") alleging that the Defendant District had denied Student a Free Appropriate Public Education ("FAPE") and violated its Child Find obligation by failing to initiate a full and individual initial evaluation, despite evidence of a suspected disability.

7. On or about July 27, 2017, Plaintiff was granted leave to file an Amended Due Process Complaint alleging that Defendant denied Student a FAPE and violated its Child Find obligation by failing to find Student eligible for special education services and failing to develop an Individual Education Plan ("IEP") to provide Student with a FAPE until March 2017.

8. Plaintiff sought relief in the form of compensatory services in the areas of reading and math. With respect to reading, Plaintiff's expert testified at hearing that Student required a specific early-intervention reading program.

9. A two day due process hearing was held on November 15 and 16, 2017, before a Commissioner appointed by the Missouri Administrative Hearing Commission.

10. The Commissioner entered an order on January 18, 2018, finding in Plaintiff's favor and granting Plaintiff all of the relief requested in the complaint, set forth in the Order as follows:

> "[W]e find that Student is entitled to the equivalent of four school months of compensatory education in math and reading for the District's failure to evaluate him for ED upon receiving the IEE. The compensatory education that Student receives shall include the recommendations contained in the IEE, including a functional behavior assessment, preferential seating, instruction in math and reading, and a research-based early intervention reading program. The compensatory education shall include at least 88 hours of education in math and 88 hours in reading. With respect to the District's failure to assess Student for OHI, we find that the District must reconvene the IEP team to evaluate whether Student's ADHD adversely affects his education to determine whether he has OHI."

The Order is attached hereto as Exhibit 1 and incorporated by reference herein.

11. Lead counsel Margaret G. LaMore spent a total of 264 hours from February 2017 to present preparing for and litigating the due process case, preparing post-trial briefs, and preparing the fee petition. Co-counsel Michelle L. Weltman spent a total of 112.4 hours preparing for and litigating the due process case, preparing post-trial briefs, and preparing the fee petition. Time records for each attorney are attached hereto as Exhibit 2 and incorporated herein.

12. Student is a nine (9) year old child with a disability in the area of "Emotional Disturbance" (ED). He has medical diagnoses of Attention Deficit Hyperactivity

      Disorder ("ADHD") and Disruptive Mood Dysregulation Disorder ("DMDD").  Student also has a history of trauma due to neglect by his biological mother; he was removed from his mother's custody and placed with Plaintiff.  As a result, Student has resided with Plaintiff, his maternal grandmother, since August 2014.  Plaintiff is Student's legal guardian.

13. Student has displayed significant behavioral difficulties throughout his entire school career.  Behaviors of concern include verbal and physical aggression towards students and staff, destruction of property, eloping from the classroom and school building, and an inability to be redirected or calmed down when upset.

14. In September 2014, Plaintiff requested that Defendant conduct an evaluation of Student under the IDEA; Defendant did not evaluate student at that time.  Student was finally evaluated by Defendant for IDEA eligibility beginning in February 2015, after his kindergarten teacher reported concerns with insufficient academic skills and escalating behavior.  Defendant evaluated student in the areas of cognition, language, adaptive behavior, academics, and social/emotional/behavioral.

15. In April 2015, Student was found ineligible for special education services because the Defendant District claimed student's academic achievement was commensurate with his cognitive ability.  Although both Plaintiff and Student's kindergarten teacher reported clinically significant concerns in multiple areas of behavior and general education interventions were reported to produce negligible results, Defendant found insufficient information to warrant an educational identification of Emotional Disturbance.  In addition, although student had been diagnosed with ADHD in March 2015, Defendant failed to consider an educational identification of Other Health Impairment (OHI).

16. During the fall of 2015, Student's first grade year, he continued to display similar behaviors shown in kindergarten.  In February 2016, Student was transferred to another classroom after he hit his first grade teacher with a chair.

17. As a result of ongoing behavioral and academic concerns, Plaintiff requested an Independent Educational Evaluation ("IEE") at the Defendant's expense in March 2016.  The evaluation was completed in September 2016 by the Miriam Learning Center.  The IEE noted concerns with both behavior and academics: behavior ratings scales completed by Plaintiff and Student's second grade teacher showed clinically significant concerns multiple areas; and academic achievement testing showed student was functioning one to two grade levels below current grade level expectations in all academic areas, with specific concerns noted in basic reading, reading fluency, and reading comprehension.

18. Student's behavior escalated during the fall of 2016.  He continued to engage in physical and verbal aggression, eloped from the classroom, and refused to complete any class work.

19. In November 2016, a copy of the IEE was received by Defendant.  However, despite student's escalating behavior, Defendant failed to consider the IEE and did not refer student for an IDEA evaluation.

20. In December 2016, Student's therapist recommended student be placed in a more restrictive setting with intensive therapeutic services due to a lack of progress.  Later that month, Student threatened to stab the school counselor.  In February 2017, Student underwent a four-day psychiatric hospitalization and was diagnosed with DMDD.

21. On or about February 24, 2017, after Defendant failed to respond to the IEE for four months, Ms. Knox filed a Due Process Complaint and hearing request.

On or about March 7, 2017, the District convened a Review of Existing Data ("RED") meeting to consider conducting an initial evaluation of student under the IDEA.  At that meeting, the team determined that no further testing was necessary due to the IEE and found student eligible for special education services as a student with an Emotional Disturbance.  An Individual Education Plan ("IEP") was subsequently developed and student was placed at Great Circle, a separate private setting with access to therapeutic services to meet student's needs.

22. At the time of filing, Defendant has not yet begun implementing the foregoing order.

23. Defendant has not filed an appeal of the Commission's Order.

## CLAIM FOR RELIEF

24. Plaintiff realleges and incorporates herein by reference Paragraphs 1-23.

25. Plaintiff is the prevailing party in the administrative proceeding against the Defendant District pursuant to 20 U.S.C. § 1415 (i)(3)(B).

26. The Plaintiff is entitled to reasonable attorney's fees in this proceeding pursuant to 20 U.S.C. § 1415(i)(3)(B).

27. Plaintiff requests a total amount of $114,089.95 in attorneys' fees and compensable court costs.  An itemized list of time and cost records are attached as Exhibit 2 and incorporated herein.

28. The time records included herein were recorded contemporaneously by attorneys Margaret G. LaMore and Michelle L. Weltman.  Declarations of the same are attached as Exhibits 3-4 and incorporated herein.

29. Plaintiff made a request for attorneys' fees from Defendant prior to the filing of the above-titled cause, but Defendant has not yet responded to Plaintiff's request.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays as follows:

A.  That this Court take jurisdiction over this matter;

B.  That this Court award the plaintiff his reasonable costs, expenses, attorney's fees, and prejudgment interest as the prevailing party in the administrative proceedings in this matter, and all costs, expenses, attorney's fees, and prejudgment interest associated with bringing this action;

C.  For such other and further relief as the Court deems just and proper.

                                           Respectfully submitted,

                                           ___/s/ *Margaret Gierse LaMore*_____
Daniel E. Underwood, #44091MO
Margaret G. LaMore, #63827MO
Michelle L. Weltman, #65628MO
Legal Services of Eastern Missouri
4232 Forest Park Avenue
St. Louis, MO 63108
Tel. (314) 256- 8712
Fax. (314) 534- 1075
MGLaMore@lsem.org

ATTORNEYS FOR PLAINTIFFS