UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CAROLYN KNOX, <br> on behalf of her minor grandson, J.D., <br><br> Plaintiff/Counter-Defendant, <br><br> v. <br><br> ST. LOUIS CITY SCHOOL DISTRICT, <br><br> Defendant/Counter-Claimant. | Case No. 4:18-cv-00216-PLC |

## MEMORANDUM AND ORDER

This matter is before the Court[1] on Plaintiff Carolyn Knox's[2] motion to dismiss the counterclaim filed by Defendant St. Louis City School District ("the District") [ECF No. 15]. Plaintiff initiated this lawsuit seeking an award of attorney's fees and expenses under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400, et seq., based on her position that she prevailed in an underlying administrative proceeding in which she presented, pursuant to the IDEA, a due process challenge to the District's provision of educational services to J.D. [ECF No. 1]. Plaintiff attached to the complaint in this lawsuit a copy of the decision of the Missouri Administrative Hearing Commission ("Commission") issued in the underlying administrative proceeding ("the Decision").[3] The District filed an answer to Plaintiff's complaint, as well as a counterclaim [ECF No. 14]. By its counterclaim, the District asks the court to "review . . . certain provisions of the Decision." Id. ¶ 2. Plaintiff moves to dismiss the counterclaim under (1) Federal Rule of Civil Procedure 12(b)(1) due to this Court's lack of

---

[1] The parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c) [ECF No. 11].

[2] The Court appointed Plaintiff as next friend for her grandson J.D. pursuant to Rule 17(c) [ECF No. 7].

[3] Ex. 1 attached to Pl.'s compl. [ECF No. 1-1].

subject matter jurisdiction over the counterclaim and (2) Rule 12(b)(6) for the District's failure to state a claim upon which relief can be granted. The District opposes the motion and asks the Court to "grant the District its attorney's fees incurred in responding to the motion." Def.'s response at 8 [ECF No. 25].

## I. Legal Standard

A. <u>Rule 12(b)(1) motion to dismiss the District's counterclaim</u>

A Rule 12(b)(1) motion challenges the federal court's subject matter jurisdiction over a cause of action. Subject matter jurisdiction is the power of a federal court to decide the claim before it. <u>Lightfoot v. Cendant Mortg. Corp.</u>, 137 S. Ct. 553, 562 (2017). "If the asserted basis of federal [subject matter] jurisdiction is patently meritless, then dismissal for lack of [subject matter] jurisdiction is appropriate." <u>Biscanin v. Merrill Lynch & Co.</u>, 407 F.3d 905, 907 (8th Cir. 2005); <u>accord</u> <u>Hagans v. Lavine</u>, 415 U.S. 528, 536-37 (1974) (district courts "are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit") (internal citations and quotation marks omitted); Rule 12(h)(3) ("[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action").

Rule 12(b)(1) movants may assert either a 'facial' or [a] 'factual' attack on [a federal court's subject matter] jurisdiction." <u>Moss v. United States</u>, 895 F.3d 1091, 1097 (8th Cir. 2018); <u>see also</u> <u>Titus v. Sullivan</u>, 4 F.3d 590, 593 (8th Cir. 1993) (a Rule 12(b)(1) movant may challenge a pleading either "on its face or on the factual truthfulness of its averments"). A federal court deciding a motion under Rule 12(b)(1) "must distinguish between a facial attack – where it looks only to the face of the pleadings – and a factual attack – where it may consider matters outside

2

the pleadings." Croyle by and through Croyle v. United States, 908 F.3d 377, 380 (8th Cir. 2018).

For a facial attack, the 12(b)(1) movant "asserts that the [challenged pleading] fails to allege sufficient facts to support subject matter jurisdiction." Davis v. Anthony, Inc., 886 F.3d 674, 679 (8th Cir. 2018) (internal quotation marks and citation omitted). In resolving "a facial attack, the court restricts itself to the face of the pleadings, and the non-moving party receives the same protections as it would defending against a motion brought under Rule 12(b)(6)." Id. (internal quotation marks and citation omitted). Therefore, a court considering a facial attack on the court's subject matter jurisdiction must: (1) evaluate "whether the asserted jurisdiction basis is patently meritless by looking to the face of the [pleading] . . . and drawing all reasonable inferences in favor of the" pleader, Biscanin, 407 F.3d at 907 (internal citations omitted); and (2) presume "all of the factual allegations concerning jurisdiction are . . . true," Titus, 4 F.3d at 593. The 12(b)(1) motion presenting a facial challenge to the court's subject matter jurisdiction "is successful if the [pleader] fails to allege an element necessary for subject matter jurisdiction." Id.

While acknowledging a litigant may present either a facial attack or a factual attack to a federal court's subject matter jurisdiction, Plaintiff only discusses in the memorandum supporting her Rule 12(b)(1) motion the standard for a court's consideration of a facial attack.[4] Additionally, Plaintiff did not present, or direct the Court to, any materials outside the pleadings to support her Rule 12(b)(1) motion. Therefore, Plaintiff's subject matter jurisdiction challenge to the District's counterclaim is a facial attack.

---

[4] In its response to Plaintiff's Rule 12(b)(1) motion, the District does not expressly address the distinction between a "facial attack" and a "factual attack," or challenge Plaintiff's apparent perspective that her Rule 12(b)(1) motion presents a facial attack, on the Court's subject matter jurisdiction over the District's counterclaim.

B. Rule 12(b)(6) motion to dismiss the District's counterclaim

When resolving a Rule 12(b)(6) motion to dismiss for a pleader's failure to state a claim upon which relief can be granted, a court must regard as true the facts alleged in the challenged pleading and determine whether they are sufficient to raise more than a speculative right to relief. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007); accord Hager v. Arkansas Dep't of Health, 735 F.3d 1009, 1013 (8th Cir. 2013) (under Rule 12(b)(6), "the factual allegations in the [challenged pleading] are accepted as true and viewed most favorably to the" pleader). The court does not, however, accept as true any allegation that is a legal conclusion. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); accord Hager, 735 F.3d at 1013 ("[c]ourts must not presume the truth of legal conclusions couched as factual allegations. Papasan v. Allain, 478 U.S. 265, 286 (1986)").

The pleading must set forth "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570; accord Iqbal, 556 U.S. at 678; Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009). "Although [the pleader] need not allege facts in painstaking detail, the facts alleged 'must be enough to raise a right to relief above the speculative level.' Twombly, 550 U.S. at 555." Kulkay v. Roy, 847 F.3d 637, 642 (8th Cir. 2017). "[T]he [challenged pleading] should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." Braden, 588 F.3d at 594. "The plausibility standard requires a [pleader] to show at the pleading stage that success on the merits is more than a 'sheer possibility.'" Iqbal, 556 U.S. at 678 (internal quotation marks and citation omitted). If the claims are only conceivable, not plausible, the court must dismiss the pleading under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Twombly, 550 U.S. at 570; accord Iqbal, 556 U.S. at 679.

## II. Background

The allegations in the counterclaim, which are accepted as true and construed in favor of the District, state the following:

J.D. was born addicted to drugs, and, while living with his mother: (1) he was exposed "to sexual activities, . . . violence" and "people using needles"; (2) his "basic needs, including food, clothing, and hygiene were not taken care of"; and (3) he "quit attending [kindergarten at a District school in December 2013] because of attendance issues when his mother could not get him to school." Id. ¶¶ 7 and 8. J.D. went to live with Plaintiff, and "repeated kindergarten [at the District's Peabody Elementary School] during the 2014-2015 school year." Id.

The District held a "review of existing data ("RED") meeting . . . on February 20, 2015," when J.D. was not taking medication and did not have a medical diagnosis. Id. ¶ 9. A meeting was convened on March 27, 2015, "to consider whether J.D. was eligible for services under the IDEA [and] was adjourned without an eligibility determination being made because J.D. had [just] started taking medication and the group wanted to see how the medication might affect" him. Id. ¶ 10. At an April 17, 2015 meeting "the team determined that J.D. was not a child with a disability as defined by the IDEA" based on reports of Plaintiff and J.D.'s teacher that J.D. had improved and was "doing better." Id. ¶ 11.

"After the start of the 2015-2016 school year, J.D. was exhibiting behaviors such as angry outbursts, elopement, and hitting and kicking others." Id. ¶ 12. "J.D. was moved to a different classroom in February 2016." Id. ¶ 13. In approximately April 2016, Plaintiff "requested [and the District agreed to] an independent education evaluation ('IEE')" of J.D. Id. ¶ 14. Plaintiff provided the District with a copy of the IEE in November 2016. Id. ¶ 14.

"J.D.'s uncle died in J.D.'s presence on August 2, 2016, in the house where [the uncle and] J.D. lived, as a result of . . . gunshot wounds [the uncle had] suffered in October 2015." Id.

5

¶¶ 12 and 15. Plaintiff characterized J.D. as being 'devastated' by his uncle's death." Id. ¶ 15. "J.D.'s negative behaviors escalated during the 2016-2017 school year." Id. ¶ 16.

On February 24, 2017, the District received Plaintiff's due process complaint, asking the District to "evaluate J.D. immediately to determine IDEA eligibility." Id. ¶ 17. The District "scheduled a RED meeting for March 6, 2017." Id. At that meeting, "J.D. was identified as meeting criteria for the IDEA disability of emotional disturbance ("ED") . . . based on information contained in the IEE and information from school personnel." Id.

"An [Individual Education Plan ("IEP")] was developed for J.D. on March 15, 2017. J.D.'s placement was determined to be private separate school. J.D. has attended [a private separate school] since March 27, 2017, through the IEP placement." Id. ¶ 18.

In Plaintiff's amended due process complaint in the underlying administrative proceeding,[5] "[t]he issue . . . was that the District denied J.D. a . . . [Free Appropriate Public Education ("FAPE") as required by the IDEA] . . . and violated the IDEA's child find[6] obligation by 'failing to find [J.D.] eligible for special education services and failing to develop an IEP to provide FAPE until March 2017." Id. ¶ 20 (footnote added). "Plaintiff alleged [in her amended due process complaint] that the 'evidence available to the District [in April 2015] supported

---

[5] Neither of Plaintiff's administrative due process complaints nor the rest of the administrative record (other than the Decision) are now available of record.

[6] The "Child Find" provision under the IDEA requires the State to have in place policies and procedures to ensure:

(i) All children with disabilities residing in the State, including children with disabilities who are homeless children or are wards of the State, and children with disabilities attending private schools, regardless of the severity of their disability, and who are in need of special education and related services, are identified, located, and evaluated; and

(ii) A practical method is developed and implemented to determine which children are currently receiving needed special education and related services.

34 C.F.R. § 300.111(a)(1).

eligibility' for the IDEA disabilities of ED and other health impairment ('OHI')."[7]  Id.  There is no allegation in Plaintiff's amended due process complaint "that the District denied [Plaintiff] the opportunity to meaningfully participate in the IEP process [or] that J.D. should have been identified in March 2017 as meeting the criteria for OHI."  Id. ¶ 21; see also id. ¶ 25 (Plaintiff "did not testify that she had been denied the opportunity to meaningfully participate in the evaluation process").

The District alleges it is aggrieved by four aspects of the Decision.  The District challenges the Commission's determination that Plaintiff "was denied the opportunity to meaningfully participate in the IEP process in 2015," claiming that this issue was not properly before the Commission, not fully and fairly litigated, and not administratively exhausted. Id. ¶¶ 26 and 27.  The District further challenges the Commission's determination on the grounds it is contrary to Plaintiff's allegation that "[in April 2015] 'the evidence available to the District' supported eligibility, is not supported by a preponderance of evidence, and is inconsistent with the IDEA and Missouri state law."  Id.

The District also contests the Commission's conclusion "that the District violated its child find duties 'when it failed to reevaluate [J.D.] shortly after receiving the . . . IEE report in November 2016[]" as not supported by a preponderance of the evidence, inconsistent with the IDEA and Missouri state law, and arbitrary.  Id. ¶¶ 29.  The Commission additionally enumerated various services the District had to provide J.D. ("the compensatory services award").[8]  Id. ¶ 30.  The District challenges the compensatory services award as not supported

---

[7] The Missouri State Plan for Special Education ("the Plan") defines certain medical conditions as "educational diagnoses" relevant to providing special educational services.  The Plan defines OHI as medical diagnoses that may "adversely affect[] a child's educational performance."  The Missouri State Plan for Special Education, http://dese.mo.gov/special-education/compliance/laws-regulations.

[8] The Commission concluded "J.D. was entitled to four school months of compensatory education in reading and math 'for the District's failure to evaluate [J.D.] for ED upon receiving the IEE.'"  More specifically,

7

by a preponderance of the evidence, inconsistent with the IDEA and Missouri state law, and arbitrary. Id. ¶ 34. Finally, the District challenges the order "to reconvene the IEP team to evaluate whether [J.D.]'s ADHD adversely affects his education to determine whether he has OHI" because Plaintiff did not request that relief, the order is not supported by the evidence, the order is arbitrary, and the order is inconsistent with the IDEA and Missouri state law. Id. ¶¶ 32 and 34.

III. **Discussion**

    A.    Subject Matter Jurisdiction

For her Rule 12(b)(1) motion to dismiss, Plaintiff contends that the District did not allege sufficient facts to give rise to federal question jurisdiction. Plaintiff further asserts that the District's counterclaim seeks relief outside of the limited subject matter jurisdiction Congress granted federal courts pursuant to the IDEA. The District responds that the IDEA does not require a heightened level of pleading specificity. Moreover, the District responds it is seeking relief as a party aggrieved by a decision on an administrative due process complaint under the IDEA, a matter over which the Court has subject matter jurisdiction.

"Federal courts are courts of limited subject matter jurisdiction, possessing only that power authorized by the Constitution and statute." Gunn v. Minton, 568 U.S. 251, 256 (2013) (internal quotation marks omitted) (quoting Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)). The party asserting jurisdiction must establish the cause of action lies within the federal court's limited jurisdiction. See Aly v. Hanzada for Import & Export Co., 864 F.3d 844, 847 (8th Cir.) (citing V S Ltd. P'ship v. Department of Hous. and Urban Dev., 235 F.3d 1109, 1111 (8th Cir. 2000)), cert. denied, 138 S. Ct. 203 (2017).

---

the Commission ordered that J.D. receive 88 hours of education in math and 88 hours in reading [and shall] include the recommendations contained in the IEE." Def.'s counterclaim ¶ 30.

8

With respect to jurisdiction, Rule 8(a)(1) requires that "[a] pleading . . . contain a short and plain statement of the grounds for the court's jurisdiction." "A nonfrivolous allegation of jurisdiction generally suffices to establish jurisdiction." Perry v. Merit Sys. Protec. Bd., 137 S. Ct. 1975, 1984 (2017).

In its counterclaim, the District alleges the Court has subject matter jurisdiction under the IDEA, 20 U.S.C. § 1415, and under the federal question jurisdiction provision, 28 U.S.C. § 1331, to consider the District's challenges to the Decision. Def.'s Counterclaim ¶ 3. Section 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C § 1331. The "arising under" provision is satisfied, and "federal jurisdiction attaches[,] when federal law creates the cause of action asserted." Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning, 136 S. Ct. 1562, 1569 (2016).

The IDEA provides "an opportunity for any party" to present a due process complaint "with respect to any matter relating to the identification, evaluation, or educational placement of [a] child, or the provision of a free appropriate public education to such child." 20 U.S.C. § 1415(b)(6)(A). Section 1415(f) sets forth provisions for the administrative hearing of a party's due process complaint. See 20 U.S.C. § 1415(f). "A decision made in a [due process complaint] hearing . . . shall be final, except that any party involved in such hearing may appeal such decision under the provisions of . . . paragraph (2)." 20 U.S.C. § 1415(i)(1)(A) (emphasis added). Section 1415(i)(2) provides that a party aggrieved by the findings and decision of the Commission "shall have the right to bring a civil action with respect to the complaint presented pursuant to this section . . . in a district court of the United States, without regard to the amount in controversy." 20 U.S.C. § 1415(i)(2)(A); see also 34 CFR § 300.516(d) ("The district courts

of the United States have jurisdiction of actions brought under section 615 of the [IDEA] without regard to the amount in controversy").

Plaintiff argues that the Court lacks subject matter jurisdiction over the District's claims because the District does not specifically "allege any claims related to the identification, evaluation, placement, or provision of FAPE."[9] Plaintiff contends those are "the four areas over which federal courts have subject matter jurisdiction."[10] Citing 20 U.S.C. § 1415(b)(6)(a), Plaintiff urges Defendant's allegations do not support "claims regarding the identification, evaluation, educational placement or provision of a FAPE" to J.D.[11]

The District responds that its counterclaim is based on its status as a party aggrieved by rulings of a hearing officer in a due process hearing, citing 20 U.S.C. § 1415(i)(2); 34 C.F.R. 300.516.[12] Because it is pursuing a judicial action as an aggrieved party, the District contends its counterclaim is brought "with respect to the due process complaint" as required by Section 1415(i)(2)(A) for the filing of a judicial proceeding.[13] The District asserts that "[a]lthough there is no requirement that an action by a 'party aggrieved' specifically allege a matter related to the 'identification, evaluation, placement, or provision of FAPE," a[ judicial] action brought by a 'party aggrieved' does, by definition, just that."[14]

The IDEA provision allowing an aggrieved party in the IDEA administrative proceeding on a due process complaint to file an action in court only requires that an aggrieved party pursue

---

[9] Pl.'s mem. supporting mot. dismiss at 11 [ECF No. 16].

[10] Pl.'s mem. supporting mot. dismiss at 11 [ECF No. 16].

[11] Pl.'s reply at 3 [ECF No. 26].

[12] Def.'s response mot. dismiss at 5 [ECF No. 25].

[13] Def.'s response mot. dismiss at 5 [ECF No. 25].

[14] Def.'s response mot. dismiss at 5 [ECF No. 25].

the judicial action "with respect to the complaint presented" in the administrative proceeding resulting in the challenged decision.[15] See 20 U.S.C. § 1415(i)(2)(A) ("Any party aggrieved by the findings and decision [on an administrative due process complaint] shall have the right to bring a civil action with respect to the complaint . . . in a district court of the United States without regard to the amount in controversy"). The IDEA does not expressly limit an aggrieved party's judicial claims to "claims related to the identification, evaluation, placement, or provision of FAPE," although such claims are the basis for the due process administrative proceeding resulting in the judicially challenged decision. Plaintiff cites no authority that supports her view that only claims related to the identification, evaluation, placement, or provision of FAPE may be presented in a judicial action brought under Section 1415(i). In the absence of such authority, the Court declines to read the language of Section 1415(i)(2)(A) in the manner urged by Plaintiff.

Plaintiff also contends that the Court lacks subject matter jurisdiction over the District's claims because there is no provision in the IDEA expressly allowing the District to present alleged due process violations occurring during the administrative proceeding. Plaintiff asserts the District alleges it suffered "a due process violation [through its allegations] that the Commission erred in finding that a procedural violation occurred when the District failed to consider OHI." Pl.'s mem at 10 [ECF No. 16]. Citing to 20 U.S.C. § 1415(h)(2), Plaintiff urges that "Congress has only granted both parties the right to present evidence, confront, cross-examine, and compel the attendance of witnesses" during the administrative hearing on a due process complaint. Id. Therefore, Plaintiff asserts, "[a]ny other procedural error by the state administrative agency which results in a perceived denial of due process . . . is not within the jurisdiction of this Court." Id.

---

[15] As noted earlier, the IDEA requires a due process complaint initiating the administrative proceeding to present claims "with respect to any matter relating to the identification, evaluation, or educational placement of [a] child, or the provision of a free appropriate public education to such child." 20 U.S.C. § 1415(b)(6)(A).

The District counters that it does not allege a due process violation but seeks relief on the ground the Commission "improperly addressed a procedural issue that was not alleged in the amended due process complaint." Due to the absence from the available record of any material from the administrative due process proceeding (other than the Decision), and the nature of the Rule 12(b)(1) attack on the counterclaim, the Court does not now consider or resolve the parties' dispute regarding whether the OHI issues were properly presented to, before, or decided by the Commission. Because the alleged issue pertains to "the complaint presented" in the administrative proceeding resulting in the Decision, the issue is not outside the Court's subject matter jurisdiction.

The allegations in the District's counterclaim reveal the District participated in the IDEA administrative proceeding on Plaintiff's amended due process complaint and considers itself aggrieved by specifically challenged aspects of the Decision. Other allegations in the counterclaim describe the manner in which the District alleges it is aggrieved by various provisions of the Decision." The District's claims expressly challenge the Decision made on Plaintiff's due process complaint. The allegations do not reveal an effort by the District to have this Court decide issues beyond either those considered and resolved by the Commission in its decision or those pursued by Plaintiff in her amended due process complaint. Therefore, pursuant to Section 1415(i)(2)(A), the District has properly filed a civil action or, here, its counterclaim, challenging the Decision on Plaintiff's amended due process complaint.[16]

By setting forth the statutory basis for the Court's subject matter jurisdiction under federal law, as well as allegations that it was a party to the IDEA administrative proceeding and

---

[16] The Eighth Circuit recently characterized a civil action seeking judicial review of an administrative decision under 20 U.S.C. § 1415(i)(2), such as the action presented by the District's counterclaim, as "an original action," rather than as an appeal. Paris Sch. Dist. v. Harter, 894 F.3d 885, 887 n. 3 (8th Cir. 2018).

is aggrieved by the Decision, the District satisfied its minimum pleading requirements under Rule 8 and alleged each element necessary for subject matter jurisdiction. The allegations are neither frivolous nor "patently meritless." Because the IDEA creates the cause of action the District presents in its counterclaim, the cause of action arises under federal law for purposes of 28 U.S.C. § 1331 and this Court has federal question subject matter jurisdiction over the District's counterclaim. The Court denies Plaintiff's 12(b)(1) motion to dismiss the District's counterclaim.

### B. Failure to state a claim

For her Rule 12(b)(6) motion to dismiss, Plaintiff argues that the District has failed to plead sufficient facts to establish a cause of action as required by <u>Twombly</u>, 550 U.S. at 554-56. Without citing authority directed to judicial review of administrative decisions under the IDEA, Plaintiff points to specific allegations in the counterclaim that, Plaintiff asserts, constitute "bare legal conclusion(s)" and lack factual support. The District responds that its allegations are sufficient to state a claim for relief under the IDEA, citing, in relevant part, <u>Department of Educ. v. Patrick P. ex rel. Gordean L.-W.</u>, No. 12-00438 LEK-BMK, 2012 WL 5414964, at *3 (D. Haw. Nov. 5, 2012) ("<u>Patrick P.</u>") and <u>Dumont Bd. of Educ. v. J.T. ex rel. I.T.</u>, No. Civ. Action 09-5048(JLL), 2010 WL 199630, at *2 (D. N.J. Jan. 14, 2010) ("<u>Dumont</u>").

In <u>Patrick P.</u>, the court addressed and denied a similar motion to that filed by Plaintiff here, holding:

> The crux of the DOE's Complaint is that the Hearings Officer erred in concluding that the DOE denied Student a FAPE because the Hearings Officer improperly relied upon speculative evidence offered by Defendants. . . . It is true that the DOE did not identify specific evidence that the DOE alleges was speculative, and the DOE did not identify specific conclusions of law it asserts was based on the allegedly speculative evidence. This Court, however, concludes that the allegations in the Complaint are sufficient to alert Defendants to the DOE's position that the Hearings Officer's Decision is not supported by sufficient

13

> evidence and to allow Defendants to respond with a similarly general position that Defendants believe the Hearings Officer's Decision should be affirmed because it is supported by sufficient evidence. . . . Thus, based upon the nature of the procedures in IDEA appeals and based upon the relationship between the factual allegations and the legal issues that the DOE has raised, this Court CONCLUDES that the Complaint is sufficiently pled.

2012 WL 5414964, at *5.

In <u>Dumont</u>, the court denied a Rule 12(b)(6) motion to dismiss an IDEA suit brought by a board of education, holding:

> The pleading requirements of Rule 8 must be read in light of the fact that this is an appeal of an administrative . . . decision in which this Court is required to defer to factual findings of the [decision-maker] unless other nontestimonial extrinsic evidence leads to a different conclusion. Thus, the Court and Defendants, upon filing of a complaint, have notice of the facts not only in the complaint but also in the record below. This is different than an initial non-appeal complaint, where the complaint is the only document informing a defendant of the claim being asserted.

2010 WL 199630, at *2. The <u>Dumont</u> court further explained, "Contrary to Defendants' argument, Plaintiff is not required to allege 'a single dispositive issue that was disregarded by the [administrative decision-maker];' it is the record below, taken as whole, that is at issue. Therefore, this Court finds that Plaintiff's Complaint is sufficient for purposes of the present appeal." <u>Id</u>.

The Court finds the reasoning of <u>Patrick P.</u> and <u>Dumont</u> persuasive and applicable here due to the nature of an IDEA judicial proceeding. In an IDEA case, a district court considers an administrative decision. 20 U.S.C. § 1415(i)(2)(A). In doing so, a district court receives the administrative record, as well as any additional evidence requested by a party, and makes an independent decision regarding appropriate relief based upon the preponderance of the evidence, while giving due weight to the factual findings made during the administrative proceedings and without substituting the court's own notions of sound educational policy for those of the school authorities. <u>See</u>, <u>e.g.</u>, <u>Fort Osage R-1 Sch. Dist. v. Sims</u>, 641 F.3d 996, 1002 (8th Cir. 2011); 20

U.S.C. § 1415(i)(2)(C). As the court in Dumont noted, the parties' awareness of relevant circumstances in an IDEA judicial proceeding challenging an IDEA administrative decision is different than a non-pleader's awareness of relevant circumstances upon the adversary's filing of a pleading in other civil cases, because the parties were involved in the underlying IDEA administrative proceeding. Therefore, an absence of specificity may not be fatal to a pleading in an IDEA judicial proceeding. The court in Patrick P. found generalized allegations referring to "speculative evidence," without specifying such evidence, were sufficient to state a claim under the IDEA due in part to "the nature of procedures in IDEA" cases and the relationship between the factual allegations and legal issues raised in the plaintiff's complaint. This Court agrees and concludes the allegations in the District's counterclaim are sufficient to present an IDEA claim on which relief can be granted.

Plaintiff fails to distinguish the Patrick P. and Dumont cases, and does not cite a decision applying Twombly to dismiss an IDEA judicial action for failure to state a claim upon which relief can be granted. Rather, Plaintiff asserts it is "unaware of any facts which support [the District]'s claims," particularly in view of the District's representation that neither party "seeks to introduce additional evidence in this matter."[17] At this point, the District is entitled to develop the record to support its sufficiently pleaded counterclaim. The Court denies Plaintiff's motion to dismiss under Rule 12(b)(6).

After careful consideration,

**IT IS HEREBY ORDERED** that Plaintiff's motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted [ECF No. 15] is **DENIED**.

**IT IS FURTHER ORDERED** that the District's unsupported request for an award of

---

[17] Def.'s response mot. dismiss at 4 n.1 [ECF No. 25].

attorney's fees it "incurred in responding to the motion" [ECF No. 25] is **DENIED**.

*/s/ Patricia L. Cohen*
PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 12th day of December, 2018